| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>MILSTEAD & ASSOCIATES, LLC<br>By: Andrew M. Lubin<br>Atty. ID: AL0814<br>1 E. Stow Road<br>Marlton, NJ 08053<br>(856) 482-1400<br>File No. 200661-4<br>Attorneys for Movant: Select Portfolio Servicing, Inc. as servicing agent for U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-4 | Order Filed on May 30, 2017<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Richard Macciola and Bianca Macciola | Case No.: 15-25445-MBK<br>Chapter 13<br><br>Hearing Date: April 25, 2017<br>Time: 9:00 AM<br><br>Judge: Michael B. Kaplan |

**ORDER RESOLVING
MOTION FOR RELIEF FROM AUTOMATIC STAY**

The relief set forth on the following pages, numbered two (2) through four (4) is hereby **ORDERED.**

**DATED: May 30, 2017**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

Upon the motion of Milstead & Associates, LLC, Attorneys for the Secured Creditor, Select Portfolio Servicing, Inc. as servicing agent for U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-4 ("Mortgagee"), under Bankruptcy Code section 362(d) for relief from the Automatic Stay as to certain real property as set forth in the motion papers, and the parties, by and through their respective counsel, James J Cerbone, Esquire, for the Debtors, and for good cause shown, it is ORDERED as follows:

1.     The automatic stay as provided for by 11 U.S.C. §362 shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2.     Mortgagee is the holder of a mortgage which is a lien on real property owned by Debtor known as and located at 22 Connor Drive, Manalapan, NJ 07726 (the "Property").

3.     The parties certify that there is a post-petition delinquency which is to be cured pursuant to the terms of this Order, said delinquency consisting of the following:

| 12 Payments: 11/1/2015 to 10/1/2018 @ $2,585.76 | $31,029.12 |
|---|---|
| 6 Payments: 11/1/2016 to 4/1/2016 @ $2661.36 | $15,968.16 |
| Suspense Balance | ($55.75) |
| **Total Post-Petition Arrears** | **$46,941.53** |

4.     Commencing on May 1, 2017, Debtors shall resume making regular monthly mortgage payments currently in the amount of $2,661.36, and will pay late charges if applicable.

5.     Debtors shall pay $10,000.00 to Mortgagee within five days of the entry of this Order.

6. The balance of the post-petition arrears in the amount of **$36,941.53** will be capitalized into and paid through the Debtors' Chapter 13 Plan.

7. All payments are to be forwarded to Select Portfolio Servicing, Inc., PO Box 65450, Salt Lake City, UT 84165-0450. Debtors shall reference the loan number on any and all payments made pursuant hereto.

8. Should Debtors' regular monthly payment amount change, Debtors shall be notified of such change by Mortgagee, and the monthly payment amount due under the terms of this Order shall change accordingly.

9. In the event that Debtor is in default pursuant to the terms and conditions of this Order for a period of thirty (30) days, or if any of the funds paid fail to clear for insufficient funds or are dishonored for any reason, Secured Creditor may send Debtors and Debtors' Counsel a written notice of default of this Order. If the default is not cured within ten days of the date of such notice, Mortgagee may obtain an Order Vacating the Automatic Stay as to Real Property by submitting a Certification of Default to the Court indicating any such payment(s) more than thirty (30) days in default. In the event that a notice of default is forwarded, it is agreed that Secured Creditor may file a Certification of Default absent a full cure.

10. A copy of any Certification of Default and the proposed order must be served upon the Trustee, Debtor, and Debtor's counsel at the time of submission to the Court. A certificate of service shall be filed by counsel for Mortgagee evidencing same.

11. In the event the instant bankruptcy case is converted to a case under Chapter 7, Debtor shall cure the pre-petition and post-petition mortgage arrears within ten (10) days from the date of such conversion. Should Debtor fail to cure said arrears within the ten (10) day period, such failure shall be deemed a default under the terms of this stipulation and Mortgagee

may send Debtor and Debtor's counsel a written notice of default. If the default is not cured within ten (10) days from the date of said notice, counsel for Mortgagee may file a Certification of Default with the Court, upon notice to the trustee, Debtors, and Debtors' counsel, and the Court shall enter an Order granting relief from the Automatic Stay as to the Property.